IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       2:22cr160-MHT
                            )            (WO)
ANTONIO RODRICEZ BAILEY     )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing Guidelines revised the guidelines applicable to the calculation of criminal history with respect to offenders who earned status points based on the commission of an offense while serving a criminal-justice sentence, and to the calculation of offense level for offenders who had zero criminal history points at the time of sentencing. Following the United States Sentencing Commission's decision to give retroactive effect to these changes, this court established an Amendment 821 Screening Panel, consisting of representatives of the court, the United States Attorney's Office, the United States Probation Office, the Federal Defenders, and the Clerk's Office,

to determine whether a defendant might be eligible for a reduction of sentence.  *See* 2:23-cm-4048-ECM.

Defendant Antonio Rodricez Bailey filed a motion for a sentence reduction (Doc. 149) based on Amendment 821.  The court referred the motion to the Amendment 821 Screening Panel for recommendation.  The court has now received the Panel's recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered October 8, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Antonio Rodricez Bailey is not eligible to receive a reduction in sentence pursuant to Amendment 821 for two reasons.

First, he was not a zero-point offender at sentencing, and under U.S. Sentencing Guidelines §1B1.10, a sentence reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" an amendment to the

2

Guidelines does not apply to the defendant. U.S. Sentencing Guidelines §1B1.10(a)(2)(A) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.).

Second, although Bailey did receive status points at sentencing, Amendment 821 does not change his Guidelines range. Amendment 821 made retroactive an earlier amendment to U.S. Sentencing Guidelines §4A1.1, which governs the calculation of criminal history points. Before the amendment to §4A1.1, a defendant who committed the charged offense while still under a criminal justice sentence for a prior offense received two additional criminal history points. *See* U.S. Sentencing Guidelines §4A1.1(d) (2021 ed.). After the amendment, a defendant who committed the charged offense while under a criminal justice sentence receives only one added criminal history point and only receives that point if he has seven or more criminal

3

history points from prior convictions. *See* U.S. Sentencing Guidelines §4A1.1(e) (2023 ed.).

At sentencing, Bailey had seven criminal history points from his prior convictions. He received an additional two points because he committed his federal offense while under a sentence from a prior offense. This gave him a total criminal history score of nine, which resulted in a criminal history category of IV.

After Amendment 821, Bailey receives only one point--rather than two--for committing his federal offense while still under a criminal justice sentence. This change reduces his total criminal history score to eight. However, a total criminal history score of eight does not change his criminal history category, which remains at IV. *See* U.S. Sentencing Guidelines, Ch. 5 Pt. A (Sentencing Table) (2023 ed.). Because, under the Guidelines, a defendant's Guidelines range is based on his criminal history *category* combined with his offense level, Amendment 821 does not change

4

Bailey's Guidelines range. *Id*. Moreover, the court cannot grant a reduction where a retroactive amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines §1B1.10(a)(2)(B). Accordingly, defendant Bailey's motion for sentence reduction will be denied.

    An appropriate order will be entered.

    DONE, this the 8th day of October, 2024.

                                         /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**